**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CYNTHIA ANN HILBURN,<br><br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. ED CV 16-02188-RAO<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. **INTRODUCTION**

Plaintiff Cynthia Ann Hilburn ("Plaintiff") challenges the Commissioner's denial of her application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). For the reasons stated below, the decision of the Commissioner is AFFIRMED.

## II. **PROCEEDINGS BELOW**

On October 15, 2013, Plaintiff filed an application for DIB alleging disability beginning September 1, 2008. (Administrative Record ("AR") 22, 96.) On January 21, 2014, Plaintiff also filed an application for SSI alleging disability beginning September 17, 2008. (AR 23.) Her applications were denied initially on April 7,

2014, and upon reconsideration on September 11, 2014. (AR 56, 62.) On October 22, 2014, Plaintiff filed a written request for hearing, and a hearing was held on May 27, 2015. (AR 67, 458-83.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 460-82.) On July 16, 2015, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[1] since September 17, 2008. (AR 10-21.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 6-8.) Plaintiff filed this action on October 16, 2016. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 17, 2008, the alleged onset date ("AOD"). (AR 15.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine; status post left knee scope; obesity; and asthma. (*Id*.) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 16.)

Before proceeding to step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can only occasionally climb, stoop, kneel, crawl, crouch; occasionally use ladders, ropes and scaffolds; frequently balance; and must avoid concentrated exposure to extreme

---

[1] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

cold, vibration, industrial hazards, and pulmonary irritants such as fumes.

(*Id.*)

At **step four**, based on the Plaintiff's RFC and the vocational expert's testimony, the ALJ found that Plaintiff was capable of performing past relevant work as a companion/caregiver, human resources assistant, and security guard. (AR 20.) Accordingly, the ALJ found that Plaintiff had not been under a disability from the AOD through the date of decision, and thus the ALJ did not proceed to **step five**. (AR 21.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence, and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins,* 466 F.3d at 882 ("If the evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart,* 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises one issue for review: whether the ALJ's RFC assessment is supported by substantial evidence. (Joint Stipulation ("JS") 4, Dkt. No. 18.) Plaintiff contends that the RFC is not supported by substantial evidence based on the record as a whole. (JS 4-12.) The Commissioner contends that the RFC is supported by substantial evidence. (JS 12-19.)

For the reasons below, the Court agrees with the Commissioner.

### A. The RFC Is Supported by Substantial Evidence

Plaintiff contends that the opinions of Bryan H. To, M.D. and George Walker, M.D., which the ALJ gave "significant weight," do not provide substantial evidence to support the RFC. (*See* AR 5, 12.) The Commissioner contends that the ALJ properly relied on the physicians' opinions and his own assessment of the record. (AR 19.)

#### 1. Applicable Legal Standard

The ALJ is responsible for assessing a claimant's RFC "based on all of the relevant medical and other evidence." 20 CFR 404.1545(a)(3), 404.1546(c). In doing so, the ALJ may consider any statements provided by medical sources, including statements that are not based on formal medical examinations. *See* 20 CFR 404.1513(a), 404.1545(a)(3). "As a general rule," the opinion of a treating physician should be given more weight than the opinion of a non-treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating

4

physician's opinion is not, however, conclusive. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is also required to consider as opinion evidence the findings of state agency medical consultants and must explain the weight given to those opinions. *Sawyer v. Astrue*, 303 F. App'x 453, 455 (9th Cir. 2008). The ALJ may rely on the opinion of a non-treating physician instead of the conflicting opinion of a treating physician if he provides "specific and legitimate" reasons supported by substantial evidence in the record. *Sportsman v. Colvin*, 637 F. App'x 992, 994 (9th Cir. 2016) (citing *Lester*, 81 F.3d at 830); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Magallanes*, 881 F.2d at 751.

**2. Discussion**

In determining Plaintiff's RFC, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence . . . [and] also considered opinion evidence" in accordance with social security regulations. (AR 16.)

a. *Objective Medical Evidence*

The ALJ noted that in September 2008, x-rays of Plaintiff's right humerous, forearm, shoulder, and hand showed no significant abnormality. (AR 17, 184-87.) CT scans of Plaintiff's head in August 2012 and August 2013 also showed "[n]o acute intracranial abnormality." (AR 18, 183, 190, 433.) The ALJ noted that when Plaintiff complained about the recurrence of an old ankle injury in November 2012, x-ray reports were negative and indicated no abnormality. (AR 18, 171, 192.) An October 2013 carotid ultrasound was also reported as negative. (AR 18, 193.)

Plaintiff had an MRI of her lumbar spine in February 2014, which showed only degenerative disc disease with disc protrusion at L5-S1. (AR 18, 409.) Subsequent x-rays of her spine in March 2014 were normal. (AR 18, 219.)

In February 2014, MRIs showed grade-3 tears of the posterior horn of the medial meniscus on Plaintiff's left knee and of the medial meniscus on her right knee. (AR 18, 227, 377, 379, 407.) X-rays taken the prior month, however, were

5

reported as "fairly unremarkable for any acute pathology." (AR 18, 227.) In October 2014, x-rays of Plaintiff's right knee showed no soft tissue abnormality, and her left knee showed mild degenerative changes. (AR 18, 401-02.)

The ALJ noted that Plaintiff underwent surgery on her left knee on July 21, 2014, without complications. (AR 18, 382-83.) One month later, Plaintiff stated that she was "doing well" and was "not having any pain in the left knee," though she did report "some stiffness." (AR 18, 281.) On October 2, 2014, an exam reported some posteromedial joint tenderness, but near normal range of motion, no significant effusion, and no tenderness to palpation. (AR 18, 296-97.) Plaintiff also stated that her left knee was "improving." (AR 295.)

The ALJ found, "in light of the objective medical evidence," that there was nothing to establish a severe impairment of Plaintiff's right hand, as she had alleged. (AR 18, *see* AR 17.) The ALJ also noted that, although there was evidence of abnormalities of Plaintiff's lumbar spine and knee, those abnormalities were "fairly minor." (AR 18.) Finally, the ALJ noted that Plaintiff's marginal obesity and asthma did not appear to prevent her from performing light activities. (*Id.*)

b. *Opinion Evidence*

The ALJ also considered opinion evidence from Bryan H. To, M.D., George Walker, M.D., Larry Caldwell, M.D., and Neil Katz, M.D. (AR 19-20.)

Dr. To examined Plaintiff in January 2014. (AR 212-17.) He noted that Plaintiff had decreased lumbar range of motion and pain, but no "true findings of nerve root irritation." (AR 215.) Plaintiff's straight leg raising was reported negative, both supine and sitting bilaterally. (*Id.*) Dr. To reported that Plaintiff complained of range of motion pain, but her range of motion was normal and there was "no evidence of deformity, swelling or tenderness." (*Id.*) Dr. To's functional assessment limited Plaintiff to pushing, pulling, lifting, and carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking six hours in

an eight-hour workday; frequent bending, kneeling, stooping, crawling, and crouching; and frequent walking on uneven terrain, climbing ladders, and working with heights. (AR 216.) Dr. To restricted Plaintiff from working with heavy moving machinery,[2] but placed no restriction on her hearing, seeing, and use of hands. (AR 216) He also found that Plaintiff did not require an assistive ambulatory device. (*Id.*) The ALJ noted that the basis for Dr. To's assessed limitations was not clear because his examination failed to reveal any significant abnormalities. (AR 19.) The ALJ nevertheless gave "significant weight" to Dr. To's opinion and "largely incorporated his assessed limitations" in order to "give [Plaintiff] every benefit of the doubt." (*Id.*)

Dr. Walker, a state agency medical consultant, reviewed the evidence and provided an opinion in April 2014. (AR 31-38.) He concluded that Plaintiff was capable of performing light work. (*See* AR 37-38.) The ALJ found Dr. Walker's assessment to be "somewhat overstated in light of the minimal objective evidence," but again gave this opinion "significant weight" in order to "give [Plaintiff] the benefit of the doubt." (AR 20.)

Dr. Caldwell, a state agency medical consultant, reviewed the evidence and provided an opinion in February 2014. (AR 220.) He concluded that there was no evidence to establish a medically determinable impairment of Plaintiff's right hand, no evidence of persistent vertigo, insufficient evidence regarding Plaintiff's back, and no evidence that Plaintiff's degenerative joint disease had "more than minimal impact on function." (*Id.*) The ALJ did not state how much, if any, weight he gave to this report. (AR 20.)

---

[2] The ALJ stated that Dr. To did not restrict Plaintiff from working with heavy moving machinery. (AR 19.) The Court finds this error to be harmless. The ALJ found that Plaintiff was capable of performing her past relevant work as a companion/caregiver, human resources assistant, and security guard, none of which require heavy moving machinery as generally performed. *See* DOT 309.677-010 (Companion); DOT 209.362-026 (Personnel Clerk); DOT 372.667-034 (Guard, Security).

Dr. Katz, the orthopedic surgeon who performed Plaintiff's knee surgery in July 2014, provided an evaluation of Plaintiff on October 23, 2014. (AR 300-07.) The ALJ noted that Dr. Katz did not assess Plaintiff's functioning; instead, he discussed her medical history, medical records, cause of her medical problems, and possible future medical care. (AR 19.) Due to the "speculative" nature of Dr. Katz's opinion about future medical treatment, the ALJ did not credit that portion of his opinion. (AR 19-20.) The ALJ also found that Dr. Katz's opinion was "not indicative of an inability to perform light work" as set forth in the ALJ's decision. (AR 20.) Because Dr. Katz did not comment on Plaintiff's functional abilities, the ALJ could not consider his opinion regarding Plaintiff's ability to function. (AR 19.) The ALJ therefore properly rejected certain aspects of Dr. Katz's opinion by providing "specific and legitimate" reasons, supported by substantial evidence. *See Lester*, 81 F.3d at 830.

Plaintiff contends that the opinions of Dr. To and Dr. Walker do not provide substantial evidence to support the RFC because the physicians did not have an opportunity to review Dr. Katz's records and report regarding Plaintiff's July 2014 knee surgery.[3] (JS 5-10.) However, the ALJ properly reviewed the entire record and found that Dr. Katz's report was consistent with Plaintiff's other medical evidence. *See Sportsman*, 637 F. App'x at 995 (stating that it is not error for a state agency consultant to fail to review subsequent medical records if the ALJ reviews the entire record and concludes that the later-dated medical records are consistent with the overall medical evidence). The ALJ reviewed Plaintiff's surgery records and noted that Plaintiff appeared to be recovering well. (AR 18.) Although the

---

[3] Plaintiff also notes that neither Dr. To nor Dr. Walker considered Plaintiff's asthma, which the ALJ assessed as "severe." (JS 9-10.) Plaintiff argues that this failure to contemplate all of Plaintiff's medical impairments is another reason why the opinions of Dr. To and Dr. Walker do not rise to the level of substantial evidence. (JS 10.) However, the ALJ noted that there was "little evidence to indicate that [Plaintiff] has required any significant treatment" for her asthma. (AR 18.)

record contained some evidence of abnormality in Plaintiff's knee, the ALJ found that to be "fairly minor," such that it would not preclude light work. (*Id.*)

Plaintiff also notes that "it is hardly clear whether Dr. To actually reviewed any medical records" during his January 2014 exam. (JS 5.) However, Dr. To's opinion alone may constitute substantial evidence because it is based on his own independent examination of Plaintiff. *See Tonapetyan*, 242 F.3d at 1149. The ALJ may also rely upon the opinion of state agency medical consultant Dr. Walker, who, consistent with the record, concluded that Plaintiff was capable of light work. *See Ruiz v. Colvin*, 638 F. App'x 604, 606 (9th Cir. 2016) (finding that the ALJ did not err in giving the greatest weight to non-examining state agency medical consultants because "the ALJ found their opinions consistent with the greater medical record, progress and treating notes, and [the plaintiff]'s description of her daily activities"); *Magallanes*, 881 F.2d at 752 ("[T]he reports of consultative physicians called in by the Secretary may serve as substantial evidence."). In the absence of a contrary opinion by a treating physician, the ALJ was entitled to rely upon the consultative opinions of Dr. To and Dr. Walker. *See Ortiz v. Astrue*, 2009 WL 1516320, at *8 (E.D. Cal. May 29, 2009) (finding that the ALJ properly considered the medical evidence when no treating physician indicated any specific functional limitations and no treating physician's opinion contradicted the opinions of the state agency medical consultants).

Moreover, to the extent that the ALJ did rely on the opinions of Dr. To and Dr. Walker, it was to Plaintiff's benefit. Despite finding that objective medical evidence does not support the severity of Plaintiff's alleged impairments (*see* AR 18), the ALJ ultimately incorporated greater limitations into the RFC assessment in response to the opinion evidence. The ALJ found that Dr. To's basis for his assessed limitations was unclear, and Dr. Walker's assessment was "somewhat overstated" in light of the objective evidence. (AR 19-20.) The ALJ nevertheless

gave "significant weight" to those opinions to "give [Plaintiff] every benefit of the doubt." (AR 19-20.)

The Court finds that, based on the record as a whole, the ALJ's RFC assessment is supported by substantial evidence.

## V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: October 27, 2017

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**